Welch, J.
We see no error in this judgment. The ground assumed, that the money payable to the mother is in the nature of a demonstrative legacy, is clearly untenable. It is not a legacy at all. It is a trust fund, payable out of a specific legacy, and must be satisfied from that legacy alone, unless the contrary appears in other provisions of the will.
Counsel say that the contrary does appear in items first and fourth of the will. We think not.
The direction contained in item first is nothing more than the general provision found in most wills for the payment of debts. The addition of the words “ all just charges,” does not in our opinion change the meaning in the least.
As to item fourth, it is quite unnecessary to say, that the words “ repairs,” “ charges,” and “ expenses,” therein, refer to the real estate devised by that item. The plain reading of the item is, that the “ repairs,” “ charges,” and “ expenses ” mentioned, are the repairs, charges, and expenses “ to and about the same ” — that is, to and about the land devised.
We also concur with the court below in holding that the trustee is entitled to charge a compensation for his services.

Judgment affirmed.

Day, O.J., and Beinkerhoef, Scott, and White, JJ., concurred.